UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURISIMA C. LACONICO,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEAR RECONVEYANCE CORP.,<br><br>    Defendant. | Case No. 17-cv-04480 NC<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE OF FEDERAL JURISDICTION AND FAILURE TO SERVE DEFENDANT WITH COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 1 |

    Pro se plaintiff Purisima Laconico filed a complaint on August 7, 2017, alleging that defendant Clear Reconveyance Corporation breached a refinance payment plan with her. Dkt. No. 1. This order requires Laconico to explain (or, as lawyers would write, "show cause") two things. First, how does the federal court have jurisdiction over this case? Second, has Laconico served Clear Reconveyance with a summons and the complaint so that it has notice of the suit? These issues are explored further below.

    Under Federal Rule of Civil Procedure 8, a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Case No.17-cv-04480 NC

1   The federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The party seeking to invoke federal court jurisdiction (here, plaintiff Laconico) has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The Court must presume a lack of jurisdiction until the plaintiff establishes otherwise. *Id.*

Potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction, and (2) diversity jurisdiction. I consider each jurisdictional source in turn.

"Federal question" jurisdiction is assessed under 28 U.S.C. § 1331. The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).

"Diversity jurisdiction" is assessed under 28 U.S.C. § 1332. The court considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy must exceed $75,000. For a defendant that is a corporation, citizenship is established both by the (1) state of incorporation; and (2) the "principal place of business" of the corporation. 28 U.S.C. § 1332(c)(2); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Applied here, it is difficult for the Court to assess subject matter jurisdiction. As drafted, the complaint does not allege the "principal place of business" of Clear Reconveyance Corp. Additionally, the complaint does not state an amount in controversy. Without information about defendant's citizenship and the amount in controversy, subject matter jurisdiction by "diversity" is not satisfied.

As to a federal question, the complaint mentions a federal statute, 41 U.S.C. § 6503, but that is a provision (supplementing 41 U.S.C. § 6502) that applies to contracts made by

Case No. 17-cv-04480 NC           2

1 an agency of the United States government. The complaint does not assert that Clear
2 Reconveyance is a United States government agency. It appears that there is not a proper
3 federal claim asserted in the complaint.

4 Next, the Court inquires as to the service of the complaint and summons on
5 defendant as required by Federal Rule of Civil Procedure 4. Rule 4(m) requires plaintiff to
6 serve defendant with the summons and complaint within 90 days of filing the complaint.
7 Rule 4(l) requires plaintiff to file proof of service with the Court. If plaintiff does not
8 comply, the Court must dismiss the case without prejudice or order that service be made
9 within a specified time period.

10 In conclusion, I find that Laconico's initial complaint does not satisfy federal
11 subject matter jurisdiction. It establishes neither a federal question nor diversity of
12 citizenship. "If jurisdiction is lacking at the outset, the district court has no power to do
13 anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th
14 Cir. 2004). In addition, Laconico has not shown that she has served Clear Reconveyance
15 with a summons and complaint as required by Federal Rule of Civil Procedure 4.

16 Laconico may file an amended complaint by November 22, 2017, if she can cure
17 the deficiencies identified in this order, or she may file a response by November 22
18 explaining (1) why subject matter jurisdiction is satisfied; and (2) how and when defendant
19 was served. If Laconico cannot cure the deficiencies, the Court will dismiss her complaint
20 (without prejudice to refiling in state court) and terminate this case without further notice.

21 The Court also reschedules the initial case management conference from November
22 8 to November 29, 2017, at 10:00 a.m. in San Jose courtroom 7. The parties must file a
23 case management statement by November 22.

24 Finally, the Court informs Laconico that the Federal Pro Se Program at the San Jose
25 Courthouse provides free information and limited-scope legal advice to pro se litigants in
26 federal civil cases. The Federal Pro Se Program is available by appointment and on a
27 drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose
28 United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment

only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: November 1, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge